IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Craig Drawdy, ) | C/A No. 2:18-cv-03173-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Andrew Saul, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 25, 29. Having considered the parties' briefing and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff applied for DIB and SSI on November 7, 2016, alleging disability beginning August 5, 2016, due to left leg pain, degenerative disc in lower back, and possible need for a hip replacement. (R. 45, 59). Plaintiff's applications were denied initially and on reconsideration. (R. 56, 70, 90, 107). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 14, 2018. (R. 25–43). The ALJ denied Plaintiff's application in

1

a decision issued May 14, 2018.  (R. 15–26).  The Appeals Council denied Plaintiff's request for review on October 2, 2018, making the ALJ's denial the final decision of the Commissioner.  (R. 1–5).

Plaintiff filed suit in this Court on November 26, 2018.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On May 19, 2020, Magistrate Judge Mary Gordon Baker issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 25.  On June 16, 2020, Plaintiff filed Objections to the Report.  ECF No. 28.  The Commissioner filed a Response on June 29, 2020.  ECF No. 29.  Plaintiff's Objections and the Magistrate Judge's Report are now before this Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review

of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

Plaintiff objects to the Magistrate Judge's Report, and argues that remand is required, on two general bases: (1) the ALJ's failure to solicit testimony from a vocational expert ("VE") in determining that Plaintiff could perform past relevant work and (2) the Appeals Council's denial of review.

### A. **The ALJ's Step Four Analysis**

Plaintiff asserts in his Objections, as in his initial briefing, that the ALJ erred by classifying Plaintiff's past relevant work and finding he could still perform it without soliciting expert vocational testimony.  At step four of the sequential evaluation process, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that Plaintiff was capable of performing past relevant work as an outside sales representative, which is defined as light work in the Dictionary of Occupational Titles ("DOT").  (R. 19).  The ALJ expressly

3

noted Plaintiff's objection "that the classification of the claimant's past relevant work as an outside sales job was incorrect." *Id*. However, the ALJ concluded that "although [Plaintiff] was not selling products to new clients, he was selling new products to existing clients and meeting with the clients to make sure they were appropriately serviced." *Id*. He therefore found that Plaintiff's past work was properly classified as an outside sales representative position and that Plaintiff remained capable of performing it. No vocational testimony was sought or considered in reaching this conclusion.

Plaintiff urges the Court that a "Vocational Expert, not the ALJ, should be listening to plaintiff testimony in determining the classification of plaintiff's past relevant work" and that a "VE is needed for vocational questions for substantial evidence to support a denial of benefits based on a vocational issue." ECF No. 28 at 2, 3. But the case law cited in Plaintiff's initial brief[1] establishes only that an ALJ must sometimes obtain VE testimony at step *five* of the sequential evaluation process, when he determines whether the claimant can perform other work existing in the national economy. *See*, *e.g.*, *Grant v. Schweiker*, 699 F.2d 189, 191–92 (4th Cir. 1983) (holding that the Secretary must produce vocational expert testimony at step five to establish that a claimant with nonexertional impairments can perform jobs in the national economy); *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (finding that the claimant's nonexertional pain "preclude[d] use of the grids" in determining whether the claimant could perform jobs in the national economy).[2]

---

[1] Plaintiff did not support his argument with any legal authority at the Objections stage.
[2] Both *Grant* and *Walker* address the ALJ's use of the "grids," or Medical-Vocational Guidelines, found at 20 C.F.R. Part 404, Subpart P, Appendix 2. The Medical-Vocational Guidelines are used at step five of the ALJ's analysis, not at step four.

The weight of authority is quite clear that an ALJ need not solicit vocational testimony at step four in determining whether the claimant can still do his past relevant work. See *Smith v. Bowen*, 837 F.2d 635, 637 (4th Cir. 1987) ("A vocational expert enters the sequential analysis for determining disability *after* a claimant is found unable to do her past relevant work.") (emphasis added); *Moore v. Colvin*, 2015 WL 4879267, at *4 (M.D.N.C. Aug. 13, 2015) ("Although social security regulations have been amended to allow vocation expert services at step four, they do not require the testimony of a vocational expert.") (citations omitted); *White v. Colvin*, C/A No. 6:13-1935-BHH, 2015 WL 892932, at *3 (D.S.C. Mar. 3, 2015) (quoting *Lopez v. Comm'r Soc. Sec.*, 270 F. App'x 119, 123 (3d Cir. 2008)) ("At step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ."); *Billingsley v. Comm'r Soc. Sec.*, 2014 WL 3054269, at *18 (N.D.W. Va. July 3, 2014) ("At step four of the analysis, the ALJ is clearly not required to consider testimony from a vocational expert regarding plaintiff's prior job."). Social security regulations state that the Commissioner "*may* use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work" and that "[a] vocational expert or specialist *may* offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work . . . ." 20 C.F.R. § 404.1560(b)(2) (emphasis added).

With respect, specifically, to the classification of a claimant's past relevant work, an ALJ is "not obligated to consult a vocational expert to decide between . . . two occupations." *White*, C/A No. 6:13-1935-BHH, 2015 WL 892932, at *3 (holding that the ALJ did not err by rejecting a characterization of the claimant's past relevant work as an

5

"administrative assistant," and finding instead that the claimant worked as an "administrative clerk," without consulting a vocational expert). Here, the ALJ properly considered all of the evidence relating to Plaintiff's past work, including the Work History Report completed by Plaintiff,[3] (R. 233–40), and explained his reasons for classifying Plaintiff's past relevant work as the work of an outside sales representative.

In short, the absence of vocational testimony did not constitute error in the ALJ's step four analysis. Because the ALJ determined at step four that Plaintiff could perform his past relevant work, he was not required to move on to step five or to consult a vocational expert. *See Kirkendoll v. Apfel*, 162 F.3d 1155, at *2 (4th Cir. 1998) (unpublished table decision) (finding that the ALJ did not err at step four, was not required to progress to step five, and was therefore not required to solicit a vocational expert to testify). Regardless of the policy concerns raised by Plaintiff, *see* ECF No. 28 at 3–4, this Court may not disturb the ALJ's findings if they were reached by application of the correct legal standard and supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court overrules Plaintiff's objections as they relate to the ALJ's failure to elicit vocational testimony in determining whether he could perform his past relevant work.

### B. Denial of Review by the Appeals Council

Plaintiff also contends that the Appeals Council's denial of review was improper in light of the additional evidence presented on appeal. Following the ALJ's determination of non-disability, Plaintiff provided to the Appeals Council a letter from vocational expert

---

[3] In his Work History Report, Plaintiff listed his job title from September 2005 to May 2007 as "Outside Sales Rep."

6

J. Adger Brown, JR., MA, CDMS.  (R. 299–300).  Mr. Brown reviewed Plaintiff's Work History Report and conducted a brief vocational interview with Plaintiff.  He opined that Plaintiff "was performing a composite job" of: sales representative of building equipment and supplies, DOT 247.357-018; maintenance repairer DOT 899.381-010; window repairer, 899.684-042; and door hanger, DOT 860.381-022.  (R. 300).  He described this composite job, as performed by Plaintiff, as skilled medium work.  *Id*.

The Appeals Council denied Plaintiff's request for review because they found "no reason under our rules to review the Administrative Law Judge's decision."  According to the regulations, the Appeals Council reviews cases if, inter alia, the claimant provides "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 404.970(a)(5).  Evidence is new if it is not duplicative or cumulative and material if it would have had a reasonable possibility of changing the outcome.  *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc)).  However, even if the additional evidence is new and material, the Appeals Council is not required to explain its rationale for denying review.  *Id*.  "[I]f upon consideration of all the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review."  *Id*.

The Commissioner argues that the additional evidence from Mr. Brown, even if new and material, "would only apply to the ALJ's findings regarding Plaintiff's past work as actually performed and would leave undisturbed his findings regarding Plaintiff's past

work as generally performed." ECF No. 17 at 16. To the extent that the ALJ's classification of Plaintiff's past work as an outside sales representative was proper, this contention is accurate. "[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995) (citing SSR 82-61, 1982 WL 31387, at *1–2). This test is disjunctive. *Id.* (quoting *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990)). The Court here notes that to the extent the ALJ determined Plaintiff's RFC to be compatible with the demands of his past work "as actually . . . performed," (R. 20), the ALJ erred. *Compare* (R. 235) (indicating that Plaintiff's past work as an outside sales representative required him to lift up to fifty pounds) *with* 20 C.F.R. § 404.1567(b) (defining "light work" as "lifting no more than 20 pounds"). However, because the ALJ also determined that Plaintiff retains the capacity to do his past relevant work "as . . . generally performed," (R. 20), the error was harmless and does not merit remand. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). Nothing in Mr. Brown's letter suggests that Plaintiff is incapable of performing the role of an outside sales representative as it is generally required by employers. That question is presumptively settled by the DOT listing. *See* SSR 82-61, 1982 WL 31387, at *2 ("The [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy."). It is therefore irrelevant whether Plaintiff is capable of doing his past relevant work as he actually performed it.

However, Plaintiff's principal assertion is that the ALJ misclassified his past relevant work altogether. Mr. Brown opined that the Plaintiff was not an outside sales

8

representative but rather performed a "composite job" of medium exertional requirement. (R. 300). Therefore, the remaining issues before the Court are (1) whether Mr. Brown's letter constituted new and material evidence on that point and (2) if so, whether the ALJ's classification was nonetheless supported by substantial evidence. *See Meyer*, 662 F.3d at 705.

The Court finds, first, that the additional evidence was not material because it would have had no reasonable possibility of changing the outcome. The evidence relied on by Mr. Brown in classifying Plaintiff's job as a "composite job" was essentially similar to evidence already considered by the ALJ. Mr. Brown took into account the description of Plaintiff's work contained in the Work History Report, which was in the record before the ALJ. (R. 299). He also considered Plaintiff's interview response that "the majority of his time was spent doing what essentially was troubleshooting problems that arose either from defective products or improper installation on the part of the contractors' crews," which necessitated removing windows and doors and carrying them to his truck and back. *Id*. In his hearing testimony before the ALJ, Plaintiff stated that he "performed service of materials that we had sold and installed" and that "if something went wrong, I had to go out and service it; that was part of my job." (R. 30). Plaintiff also stated in his Work History Report that, in his role as an outside sales representative, he had to lift "window and door samples, siding samples sometimes 25 yds 3–4 hrs a day 5 day[s] a week." (R. 235). This involved lifting twenty-five pounds frequently and fifty pounds at least some of the time. *Id*. The ALJ considered this evidence and nevertheless concluded that Plaintiff's job description from September 2005 through May 2007 was properly classified as an outside sales representative because Plaintiff "was selling new products to existing

9

clients and meeting with the clients to make sure they were appropriately serviced." (R. 19). It is therefore not reasonably probable that the ALJ's finding would have been altered by presentation of the additional VE evidence. Because the additional evidence was not material, the Appeals Council was under no obligation to consider it.

In the alternative, the Court finds that even if the additional evidence was new and material, the Appeals Council's denial of review was proper because the ALJ's findings were supported by substantial evidence. As explained above, the ALJ was not required to solicit vocational testimony in determining Plaintiff's ability to perform past relevant work. The ALJ properly considered the evidence of record and clearly explained his reasoning in determining Plaintiff's past job title. Though reasonable minds could differ about the correct classification of Plaintiff's relevant work, the Court does not find that the ALJ's determination was unsupported by substantial evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). Indeed, Plaintiff has alleged no specific error in the ALJ's determination except for the failure to consult a VE. *See generally* ECF Nos. 16, 28. Because this failure was not error, the Court finds that the ALJ's determination was supported by substantial evidence. *See Meyer*, 662 F.3d at 707 ("[W]e have affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because we concluded that 'substantial evidence support[ed] the ALJ's findings.'") (quoting *Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir. 1996)). Plaintiff's objection is overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 3, 2020
Spartanburg, South Carolina

11